## COLE, EXECUTOR, ETC. *v.* BERRY

No. 42489          December 17, 1962          147 So. 2d 306

*Thos. J. Tubbs,* West Point, for appellants.

*Robert D. Patterson, Richard B. Booth,* Aberdeen, for appellee.

Kyle, J.

In December 1945, T. C. Berry, Jr., the defendant and appellee here, sold and conveyed to William C. Carter the E½ of the SE¼ of Section 14, Township 15 South, Range 7 East, in Monroe County, reserving therein one-half of all the mineral rights in the following language: "Half of all mineral rights reserved." The deed was duly recorded. Thereafter, L. B. Cole, complainant in the court below, acquired title to the 80-acre tract of land from Carter by deed duly acknowledged and filed for record on March 2, 1950.

On April 24, 1957, L. B. Cole, as complainant, filed his bill of complaint in this cause against T. C. Berry, Jr., seeking to confirm his title to the land, including all "mineral rights", as against the defendant Berry. As alternative relief, the complainant prayed that, if under the evidence confirmation of his title to the land, including all mineral rights, could not be had, the complainant asked that he be declared to be the owner of the entire surface of the land, including sand, bentonite and all clays, and an undivided one-half interest in all minerals therein in fee simple as against the defendant.

In his bill of complaint the complainant alleged that the defendant Berry acquired title to said land by warranty deed from R. C. Bryan dated November 20, 1945; that the land had been assessed as the property of R. C.

Bryan for the year 1945; that the land was situated in the Aberdeen Separate School District and subject to taxes levied and assessed for the separate school district for the year 1945; that the taxes were not paid, and the land was sold by the tax collector of the City of Aberdeen on May 6, 1946, for the taxes due and unpaid for the year 1945; that the land was not redeemed from the tax sale within the time required by law, and on May 6, 1948, a deed was executed to R. A. Neville by the Mayor and City Clerk of the City of Aberdeen conveying the land to Neville as the purchaser thereof at the above mentioned tax sale. The complainant further alleged that on May 4, 1948, R. A. Neville conveyed the 80-acre tract of land to quitclaim deed to William C. Carter; and that on March 1, 1950, Carter conveyed the land by warranty deed to the complainant. The complainant further alleged that R. A. Neville acquired the fee simple title to the land, including the minerals, by virtue of the above mentioned tax sale; and that the complainant was the owner of a fee simple title to the land including all the minerals.

The defendant T. C. Berry, Jr., filed a demurrer to the bill of complaint, and alleged as grounds for demurrer: (1) That there was no equity on the face of the bill; (2) that the bill showed on its face that the property was redeemed from the above mentioned tax sale; (3) that the bill showed on its face that William C. Carter and T. C. Berry, Jr., were cotenants and the purchase by Carter from R. A. Neville was under the law for the benefit of his cotenant T. C. Berry, Jr.; and also other grounds for demurrer.

On September 16, 1957, the complainant filed an amended bill of complaint. In his amended bill the complainant alleged facts substantially the same as those alleged in the original bill concerning the sale of the land for taxes and the purchase of same at the tax sale by R. A. Neville to Carter by quitclaim deed dated May

4, 1948, and the conveyance of the land by Carter to the complainant by warranty deed dated March 1, 1950.

The complainant further alleged that bentonite of commercial value had been discovered on the 80-acre tract of land; that the defendant Berry claimed that he owned an undivided one-half interest in all of the minerals of every kind and character, including bentonite under and in the land; and that such claim constituted a cloud on the title of the complainant as the owner in fee simple of all of the bentonite and other minerals on, in and under the land, except an undivided one-half interest in all oil, gas and other minerals of like kind and character, which were not a part of the soil, if the complainant should be mistaken about his ownership of the fee simple title to the land, including all of the minerals therein. The complainant alleged that natural gas in commercial quantities was discovered in Monroe County on October 5, 1926; that after that date there was great activity in the leasing of lands for oil and gas production and in the sale of oil, gas and other mineral rights and interests in lands in Monroe County, and it was the custom in Monroe County, after the discovery of natural gas, for grantors, in the execution of deeds or other instruments conveying or reserving any interest in oil, gas and other minerals, to convey or reserve only such interest in all oil, gas and other minerals of like kind and character which were not a part of the soil; that bentonite was not a mineral, but a clay as distinguished from a mineral, and it was not the purpose and intention of the defendant Berry in his deed to Carter in 1945 to reserve and retain unto himself, by the reservation of "half of all minerals", any interest in the bentonite and clays or other minerals, except oil, gas and other minerals of like kind and character which were not a part of the soil.

The complainant again asked that the court by proper decree confirm his title to the land in fee simple, in-

cluding all mineral rights, as against the defendant Berry; or, if the court should find that the complainant was not the owner of a fee simple title to the land, including all mineral rights, that a decree be entered in favor of the complainant confirming his title to the land, less and except an undivided one-half interest in all oil, gas and other minerals of like kind and character which are not a part of the soil, and specifically confirming the complainant's title to all bentonite and clays.

The record shows that L. B. Cole, the complainant, died testate on September 3, 1958; that his last will and testament was duly admitted to probate in the Chancery Court of Monroe County on September 23, 1958, and that on motion of the executor and the devisees of the real estate under the will, a decree was entered in the cause on May 18, 1959, reviving the cause in the names of the executor and the devisees named in the will as complainants in the amended bill.

On September 20, 1960, the defendant Berry filed his answer to the amended bill. The defendant denied that the complainants had any interest in the undivided one-half interest in the minerals of every kind and character reserved by the defendant in the deed executed by him to William C. Carter in 1945, and owned by the defendant at the time of the filing of the amended bill. The defendant admitted the discovery of natural gas in Monroe County in 1926, as alleged in the amended bill of complaint; but the defendant denied that it was the custom in Monroe County after the discovery of gas in the Quincy Field, or at any other time, for grantors in the execution of deeds or other instruments conveying or reserving oil, gas and other minerals, or any interest therein, to convey or reserve only oil, gas, and other minerals of like kind and character, which were not a part of the soil; and the defendant denied that it was not his purpose and intention to reserve and retain, in his deed to Carter half of all minerals including

bentonite as alleged in the complainants' amended bill.

The complainants in an agreed stipulation confessed the demurrer of the defendant with reference to the invalidity of the tax sale to the City of Aberdeen, and admitted that they had no claim to any mineral interest owned by the defendant by virtue of that sale. It was also agreed that the record in the case of Cole et al. v. McDonald et al., 236 Miss. 168, 109 So. 2d 628, decided by this Court on March 16, 1959, should be made a part of the record in this cause and should be considered as such on the hearing of the case on appeal.

The cause was heard by the chancellor at the regular January 1962 term of the court upon the pleadings, an agreed statement of facts and the exhibits, without the taking of any oral testimony; and at the conclusion of the hearing the chancellor dictated into the record his findings of facts and his conclusions of law.

The chancellor stated that in his opinion the only question before the court was the question, whether under the facts disclosed by the record the reservation contained in the deed executed by Berry to Carter in 1945 reserved to the grantor a one-half interest in the bentonite and all other minerals, or whether it reserved a one-half interest only in oil, gas and other minerals of like kind and quality.

The chancellor found that the facts disclosed by the record in this case were entirely unlike the facts disclosed by the record in the case of Witherspoon et ux v. Campbell, 219 Miss. 640, 69 So. 2d 384, and that the rule laid down in the Witherspoon case was not applicable to the facts in this case. The chancellor found that oil and gas were not the only minerals that had been found in Monroe County prior to the execution of the deed by Berry to Carter in 1945 under which the reservation in question in this case was made; that bentonite had been mined and processed in Monroe County long prior to the execution of that deed; and that it

was apparent from the evidence in the case that bentonite was considered as a mineral in Monroe County from and after 1927. The chancellor found that bentonite was a mineral, as shown by the record in Cole v. McDonald, supra; and that bentonite was included as a mineral in the reservation contained in the deed executed by Berry to Carter in 1945. The chancellor was of the opinion that the relief prayed for in the complainant's amended bill should be denied; and a decree was therefore entered denying the relief prayed for.

Only one point is argued by the appellants' attorney as ground for reversal of the decree of the lower court, and that is that the court erred in holding that bentonite was included in the reservation contained in the appellee's deed to William C. Carter in 1945.

■■ The case in our opinion is controlled by the decision rendered by this Court in Cole v. McDonald, supra, and the decree of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J., and Lee, Ethridge and Rodgers, JJ.,* concur.